

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANKIE WILLIAMS,

                        Plaintiff,                         COMPLAINT

           -against-                     JURY TRIAL DEMANDED

THE CITY OF NEW YORK P.O. "JOHN" GREENE
First name being fictitious,(NEW YORK CITY POLICE
DEPARTMENT) P.O.'s "JOHN DOE" #1-10 individually
and in their Official Capacities (the name "JOHN DOE"
being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------X

        The Plaintiffs by their attorneys, Yalkut & Israel, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the Constitutions of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

### VENUE

3. Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that this is the District in which the claim arose.

### JURY DEMAND

4. Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

Rules of Civil Procedure, P. 38(b)

## PARTIES

5. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6. That at all times herein mentioned the Plaintiff resides in the City, County and State of New York;

7. That a Notice of Claim was served on the defendant "CITY" within ninety (90) days of the occurrence;

8. More than thirty (30) days have elapsed since he presentation of said claim and the defendant "CITY" has failed to adjust and/or dispose of the claim presented therein;

9. .This action is commenced within two years of the date of the incident and/or accrual of the cause of action.

10. That at all times hereinafter mentioned, defendant, "CITY, owns the " POLICE" as a subsidiary;

11. That at all times hereinafter mentioned, defendant, "CITY", maintains, manages, controls and operates the "POLICE"

12. That at all times herein mentioned the defendant "P.O. "JOHN" GREENE was an employee of the defendant "CITY" and "POLICE";

13. On October 2, 2010 at approximately 7:45 p.m. of that day, plaintiff was lawfully at or near the front of 2363 7th Avenue, County, City and New York when the defendant P.O. "JOHN" GREENE and other members of the "POLICE"t and :CITY", responded to said location.

14. Plaintiff was falsely imprisoned at the scene of the occurrence and continuing thereafter in the police van and at the 32nd Precinct, Central Booking and the Criminal Court of the City of New York;

15. The criminal action against the Plaintiffs were disposed of as follows: Case Dismissed

16. The Plaintiffs were intentionally confined by the Defendants without their consent and this confinement was not otherwise privileged by law and at all times the plaintiffs were conscious of their confinement;

## FIRST COUNT-FALSE IMPRISONMENT

17. On October 2, 2010at approximately 7:45 p.m. of that day, plaintiff was lawfully at or near the front of 2363 7th Avenue, County, City and New York when the defendant P.O. "JOHN" GREENE and other members of the "POLICE"t and :CITY", responded to said location.

18. Plaintiff was lawfully at said location.

19. Plaintiff was falsely imprisoned at the scene of the occurrence, continuing thereafter within the police van, the 32nd precinct, Central Booking and the Criminal Court of the City of New York;

20. As a result of the aforementioned, plaintiff suffered emotional trauma, personal injuries, feared for his life, sustained severe and serious other consequential damages.

21. Plaintiff intends to claim punitive damages and legal fees for all of the counts interposed

22. The criminal action against the Plaintiff was disposed of as follows: Case Dismissed

23. The Plaintiff was intentionally confined by the Defendants without his consent and this confinement was not otherwise privileged by law and at all times the plaintiffs was conscious of her confinement;

24. The defendants P.O. "JOHN" GREENE and P.O.s #1-10 were all members of the "Police" Department, all under the supervision of ranking officers of said department and were acting within their scope of authority.

25. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## SECOND COUNT-NEGLIGENT TREATMENT:

26.. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through"25" herein as if more fully set forth at length;

27. At the aforementioned time and place, plaintiff was negligently treated by the defendant P.O. "JOHN" GREENE and by various police officers employed by the defendant, "CITY" and "POLICE" in that a proper investigation was not conducted prior to the incident complained of;

28. Said police officers were acting within the course and scope of their employment with defendants .

29. Plaintiff intends to claim punitive damages and legal fees for all of the counts herein

30. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts .

## THIRD COUNT-INVASION OF PRIVACY:

31. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "30"herein as if more fully set forth at length

32. The aforementioned occurrence constituted an invasion of the privacy of plaintiff;

33. As a result of the foregoing, Plaintiff sustained severe and serious emotional personal injuries and other consequential damages.

33. Plaintiff intends to claim punitive damages and legal fees for all of the counts interposed herein.

34. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### FOURTH COUNT-CIVIL RIGHTS VIOLATION:

35. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "34" herein as if more fully set forth at length:

36. As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC §1981, §1983, §1985, 1988 and 28 USC § 1343.

37. As a result of the foregoing, plaintiff suffered personal injuries emotional trauma, feared for his life, sustained severe and serious other consequential damages.

38. Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

39. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### FIFTH COUNT-NEGLIGENCE

40. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

through "39" herein as if more fully set forth at length:

41. The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers.

42. The defendant, P.O. "JOHN" GREENE did without probable cause existing, proceeded to arrest the plaintiff without proper investigation to ascertain as to whether a crime had been committed;

43. As a result of the foregoing, Plaintiff suffered personal injuries, emotional trauma, feared for his life, sustained severe and serious other consequential damages.

44. Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

45. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## SIXTH COUNT-PRIMA FACIE TORT

46. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "45" herein as if more fully set forth at length.

47. Defendants with intent to emotionally harm plaintiff and without justification, intentionally acted to emotionally harm said plaintiff, causing pecuniary loss to plaintiff,

48. The plaintiff is seeking damages in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts..

## SEVENTH COUNT - MUNICIPAL LIABILITY

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

paragraphs "1" through "49" as if the same were more fully set forth at length herein.

50. Defendants imprisoned and detained the Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said imprisonment and detention would jeopardize plaintiffs liberty, well being, safety and constitutional rights.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department., all under the supervision of ranking officers of said department.

53. . The aforementioned customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested;
   b) imprisoning innocent persons wrongfully apprehended;
   c) Imprisoning innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

54. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct. as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York**, United States District Court Southern District of New York, 03 CV 6475;

  **Darnell Flood v. City of New York,** United States District Court, Southern District of New York. 03 CV 10313;

  **Theodore Richardson v. City of New York. et al,** United States District Court, Eastern District of New York, 02 CV 3651;

   **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

   **Benjamin Taylor v. City of New York.** United States District Court. Eastern District of New York, 01 CV 5750;

   **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin ,Williams v. City of New York.,** United States District Court, Southern District of New York.. 05 CV 4013:

   **Terrence Burton v. City of New York,** United States District Court, District of New York, 06 CV 6884.

55. The foregoing customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety', well-being and constitutional rights of plaintiff

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

57. The foregoing customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

58. As result of the foregoing custom, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was imprisoned unlawfully for several hours;.

59. Defendants, collectively and individually, while acting under color of State Law, were directly and actively involved in violating the constitutional rights of plaintiff,

60. Defendants, collectively and individually, while acting under color of State Law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

61. All of the foregoing acts by the defendants deprived the plaintiff of federally protected rights, including but not limited to:

   A. Not to be deprived of liberty without due process of law.

   B. To be free from seizure and imprisonment not based upon probable cause.

   C. To be free from unwarranted and malicious detention.

   D. Not to have cruel and unusual punishment imposed upon him/her; and

   E. To receive equal protection under the law.

62. The plaintiff intends to seek punitive damages and legal fees on all counts.

63. The plaintiff seeks damages in a sum within the jurisdictional limits of The United States District Court, Southern District and in excess of the jurisdictional limits of all inferior Courts.

## NINTH COUNT - BATTERY

64. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "63" as if the same were more fully set forth at length herein.

65. That at all times herein mentioned the defendants did place hand cuffs on the plaintiff, tightening same in such a manner as to cause severe pain and injury to the plaintiff.

66. That the plaintiff requested of the defendants that the hand cuffs be loosened but said request was denied;

67. The plaintiff intends to seek punitive damages on all counts.

68. The plaintiff seeks damages in a sum within the jurisdictional limits of The United States District Court, Southern District and in excess of the jurisdictional limits of all inferior

Courts.

**WHEREFORE,** Plaintiff demands judgement against all defendants, jointly and severally in each count in the sum of One Million ($1,000,000.00) Dollars in compensatory damages and the sum of One Million ($1,000,000.00) Dollars in punitive damages plus attorney's fees, costs and disbursements of this action.

A jury trial is demanded.

By _____
ARLEN S. YALKUT (AY-1522)
YALKUT & ISRAEL
Attorneys for Plaintiff
865B Walton Avenue
Bronx, New York 10451
(718) 292-2952